No. A-CV-07-87

## Supreme Court of the Navajo Nation

**John Brown Jr.,** *Appellant,*

*vs.*

**The Navajo Board of Election Supervisors,** *Appellee.*

Decided March 11, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Samuel Pete, Esq., Window Rock, Arizona for the Appellant; Gerri J. Harrison, Esq., Navajo Nation Department of Justice, Window Rock, Arizona for the Appellee.*

*Per Curiam.*

The Appellant, John Brown Jr., filed a Statement of Election Contest alleging three election irregularities which he claimed caused him to lose the 1986 general election for the Navajo Tribal Council. The only irregularity on appeal is the allegation that 53 absentee votes, which were declared spoiled, should have been included in the final count.

The votes were counted three times and each count showed that Appellant Brown had lost the election. The counts are as follows: (1) November 4, 1986: 252-226; (2) November 6, 1986: 252-226; and (3) November 18, 1986: 227-199. The 53 spoiled votes were not counted on November 18, 1986, but they were included in the other two counts.

The Navajo Board of Election Supervisors dismissed Appellant Brown's Statement for insufficiency after finding that the Statement did not set forth reasons why Appellant Brown believed the election law was not complied with. On appeal Appellant Brown presents two issues: (1) whether the Board abused its discretion in dismissing his Statement for insufficiency; and (2) whether the spoiled ballots should have been included in the final result.

The election laws provide that an election contestant must file a Statement which contains reasons why the contestant believes the election law was not complied with. 11 N.T.C. §51(a)(7)(A). The Statement must be

dismissed if, on its face, it is insufficient under the election laws. 11 N.T.C. §51(a)(7)(A). However, the election laws fail to specify what constitutes a sufficient Statement.

A Statement will be sufficient on its face if it specifies which election law was violated, *Williams v. The Navajo Election Commission,* 5 Nav. R. 25 (1985), and if it contains enough facts to raise the issue that the election results are not regular and proper. *See Johnson v. June,* 4 Nav. R. 79 (1983). These facts, as they appear in the Statement, must support the allegation that an election law was violated. *Williams v. The Navajo Election Commission,* 5 Nav. R. 25 (1985). Finally, the Statement taken as a whole, which shall include all attached documents, must raise a possibility that the election results will be impeached. *Johnson v. June,* 4 Nav. R. 79 (1983).

The Board must be careful not to make a decision on the merits of the allegations while reviewing a Statement on its face for sufficiency. The only purpose of face review is to determine if the Statement contains sufficient facts to raise an issue which would require a hearing.

The Board has considerable discretion in determining whether the Statement is sufficient on its face. Absent a clear abuse of that discretion this Court will not disturb the Board's decision. *Johnson v. June, Id.* Appellant Brown has failed to show on appeal how the Board abused its discretion. Appellant Brown's only argument appears to be that the Board abused its discretion by failing to grant him a hearing prior to dismissing his Statement. However, the election law requires a hearing only if the Statement is not dismissed for insufficiency. 11 N.T.C. §51(a)(7)(B); *Mustach v. The Navajo Board of Election Supervisors,* 5 Nav. R. 115 (1987). We hold that the Navajo Board of Election Supervisors did not abuse its discretion in dismissing Appellant Brown's complaint for insufficiency.

Appellant Brown then argues that he should have been given a hearing on the merits to determine whether the spoiled ballots should have been included in the final result. However, this argument lacks merit in the face of ample evidence that the spoiled ballots were included in the count twice, and even then, the results showed that Appellant Brown had lost the election. The Board did not abuse its discretion by denying Appellant Brown a hearing to determine this issue. Especially in light of the rule which states that, "Irregularities or misconduct in an election which does not tend to effect the result or impeach the fairness of the result will not be considered." *Johnson v. June,* 4 Nav. R. at 82 (1983). With or without the spoiled ballots, Appellant Brown lost the election.

The dismissal of the Statement of Election Contest by the Navajo Board of Election Supervisors is affirmed. The motion of the Navajo Board of Election Supervisors to dismiss the appeal is granted.